IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MONIQUE S. HEATH, | : |  |
| --- | --- | --- |
| Plaintiff, | : | |
| v. | : | No. 19-CV-2228 |
| ANDREW M. SAUL,<br>Commissioner of Social Security,<br>Defendant. | : | |

**MEMORANDUM OPINION**

**RICHARD A. LLORET**                                                             **March 11, 2020**
**U.S. MAGISTRATE JUDGE**

      Monique Heath was denied social security benefits by the decision of an Administrative Law Judge ("ALJ"). Ms. Heath filed a *pro se* civil action on May 21, 2019. Doc. No. 2. Counsel was appointed to represent her pursuant to her motion to proceed *in forma pauperis* on February 4, 2020. Doc. No. 17. On January 23, 2020, I entered an order directing the parties to provide a memorandum to the court addressing whether the case should be reversed and remanded for reconsideration by a properly appointed ALJ, pursuant to *Cirko ex rel. Cirko v. Commissioner of Social Security*, 948 F.3d 148 (3d Cir. 2020). Doc. No. 13. On February 10, Plaintiff filed a memorandum arguing that *Cirko* controls in this case and it should be remanded for consideration by a different, properly appointed ALJ. Doc. No. 20.

      On March 3, 2020, Plaintiff filed her opening brief. Doc. No. 21. Ms. Heath contends that the ALJ's unfavorable decision was reached in error. *Id.*, at pp. 4-20 (Plaintiff's brief). Specifically, Ms. Heath argues that she is entitled to a remand because

(1) the ALJ who heard Plaintiff's claim was not constitutionally appointed; (2) the ALJ failed to assign great weight to the well-supported opinions of the treating physician in violation of Social Security regulations and Third Circuit case law; (3) the ALJ failed to consider the actual demands of Plaintiff's past work in finding that she retained the ability to return to her previous work; and (4) the ALJ failed to incorporate all of Plaintiff's credibly established limitations in the hypothetical question posed to the vocational expert, whose testimony actually supported a finding of disability. *Id.*

On the same date, the Commissioner of Social Security ("Commissioner") filed his memorandum in response to my January 23, 2020 order, opposing remand on the basis of *Cirko*, and requesting that I withhold decision in this case "until the time for seeking further review in *Cirko* has expired and the Third Circuit has issued its mandate." Doc. No. 22, at p. 3.

The Third Circuit issued its precedential decision in *Cirko ex rel. Cirko v. Commissioner of Social Security*, 948 F.3d 148 (3d Cir. 2020) on January 23, 2020, holding that social security claimants are not required to raise Appointments Clause challenges in the administrative agency proceedings before presenting them in federal court. Therefore, because the Commissioner had conceded that the agency's administrative judges were not properly appointed prior to July 2018, the Third Circuit remanded the case back to the agency for a new hearing before a different, constitutionally appointed ALJ. 948 F.3d at 159–60.

After careful review, I find that the ALJ in Ms. Heath's case was improperly appointed under the Constitution and there is no reason to delay a remand until the Third Circuit issues its mandate. Therefore, this matter is remanded to the

Commissioner for further proceedings in accordance with the memorandum opinion that follows.

## PROCEDURAL HISTORY

Ms. Heath filed a claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), on October 14, 2015. *See* R. 82-83, 160-72. She alleged disability based on diabetes mellitus with hyperglycemia, Type II; abdominal aortic aneurysm, ruptured with repair disc protrusion; asthma; essential hypertension; migraines and obesity, with an onset date of October 1, 2014. *Id.*; R. 15. Her claim was initially denied on February 12, 2016. R. 84-88. Ms. Heath subsequently requested an administrative hearing. The hearing was held on February 27, 2018, where Ms. Heath and a vocational expert, Kaye Bucher [phonetic], testified. R. 28–65 (hearing transcript). Following the hearing, on June 12, 2018, the ALJ issued a written decision, denying Ms. Heath's claim. R. 12–23. The Appeals Council subsequently denied Ms. Heath's request for review on March 22, 2019. R. 1–5. This appeal follows.[1]

## DISCUSSION

Approximately two weeks after the ALJ's decision denying Ms. Heath's disability claim, the Supreme Court held, in *Lucia v. SEC*, 138 S. Ct. 2044 (2018), that the Securities and Exchange Commission ("SEC") ALJs are officers of the United States and therefore must be appointed consistent with the Appointments Clause of the Constitution. *Lucia*, 138 S. Ct. at 2051–56; *see also* U.S. Const. art. II, § 2, cl. 2.[2] As the

---

[1] The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c), including entry of final judgment. *See* Doc. No. 3 (Notice of Commissioner's General Consent); Doc. No. 4 (Ms. Heath's Consent Form).

[2] The Appointments Clause states:

> [A]nd he shall nominate, and by and with the Advice and Consent of the Senate, shall appoint Ambassadors, other public Ministers and Consuls, Judges of the supreme Court,

ALJ's appointment did not comport with the Appointments Clause, the Supreme Court remanded for a new hearing before a different, constitutionally appointed ALJ. *Lucia*, 138 S. Ct. at 2055.

Even though *Lucia* was decided in the SEC context, social security claimants, in their appeals to federal court, began challenging the appointments of the ALJs that denied their disability claims. *See, e.g.*, *Perez v. Berryhill*, No. 18-1907 (E.D. Pa. Jan. 7, 2019); *Bizarre v. Berryhill*, 364 F. Supp. 3d 418 (M.D. Pa. Mar. 4, 2019); *Culclasure v. Comm'r of Soc. Sec. Admin.*, 375 F. Supp. 3d 559 (E.D. Pa. Apr. 16, 2019); *Muhammad v. Berryhill*, 381 F. Supp. 3d 462 (E.D. Pa. May 23, 2019). In these cases, the Commissioner conceded that the Social Security Administration ("SSA") ALJs were subject to the Appointments Clause but had not been properly appointed under it.[3] *See, e.g.*, *Cirko*, 948 F.3d at 152. Nevertheless, the Commissioner maintained that the claimants were not entitled to relief because they had not exhausted the issue in the agency proceedings below. *See id.*

The Third Circuit disagreed. *See Cirko*, 948 F.3d at 153. Considering the nature of Appointments Clause claims, the characteristics of the SSA's administrative procedures, and the individual and governmental interests implicated, the Third Circuit concluded that social security claimants "may raise Appointments Clause challenges in federal

---

and all other Officers of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by Law: but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments.

U.S. Const. art. II, § 2, cl. 2.

[3] To remedy the defective appointments, the then-Acting Commissioner reappointed all of the SSA ALJs on July 16, 2018. *See Cirko*, 948 F.3d at 152; Soc. Sec. Admin., EM-18003 REV2, Important Information Regarding Possible Challenges to the Appointment of Administrative Law Judges in SSA's Administrative Process—Update (effective date Aug. 6, 2018).

4

court without having exhausted those claims before the agency." *Id*. Accordingly, because the SSA ALJs were not properly appointed under the Appointments Clause, the court remanded to the administrative agency for new hearings. *See id*. at 159–60.

The day *Cirko* was published I ordered the parties to submit supplemental briefing on the issue of whether *Cirko* required Ms. Heath's case to be remanded for a new hearing. *See* Doc. No. 13. Ms. Heath contends that it should, pointing to the fact that the ALJ who presided over her administrative hearing was not constitutionally appointed at that time. *See* Doc. No. 20. In opposition, the Commissioner argues that remand is inappropriate because Ms. Heath waived her Appointments Clause claim by failing to raise it in the administrative process. *See* Doc. No. 22. The Third Circuit rejected this argument in *Cirko*, 948 F.3d at 153-58. The Commissioner acknowledges that I must follow *Cirko* as binding precedent but argues against its holding in order to preserve the issue for appeal. Doc. No. 22 at 2. I agree that *Cirko* is binding precedent and that it compels remand in this case.

The Commissioner asks that I withhold decision until the time for seeking review of *Cirko* has expired and the Third Circuit has issued its mandate in that case. *Id*. To evaluate the Commissioner's request for a stay, I use a standard adopted by the Third Circuit when a district court is asked to issue a stay pending the appeal of the case before it, not another case.[4] I do so because the decision by the Commissioner whether to appeal *Cirko* likely will determine the decision whether to appeal this case.

> In considering whether to grant a stay pending appeal, courts consider the following four factors: (1) whether the appellant has made a strong showing of the likelihood of success on the merits; (2) will the appellant suffer irreparable

---

[4] When a stay is sought pending the outcome of another case, the standards are slightly different and more difficult for the Commissioner to meet. *See Byrd v. Saul*, 2019 WL 3495491, at *1 (E.D. Pa. 2019).

5

> injury absent a stay; (3) would a stay substantially harm other parties with an interest in the litigation; and (4) whether a stay is in the public interest. *See, e.g., Republic of Phil. v. Westinghouse Electric Corp.*, 949 F.2d 653, 658 (3d Cir.1 991).

*In re Revel AC, Inc.*, 802 F.3d 558, 565 (3d Cir. 2015). All these factors weigh against a stay.

First, there is little chance of success on the merits. Review by the Supreme Court is unlikely, in any case, and less so here, where there is no divergence of opinion among the courts of appeal. The decision in *Cirko* is based on a straightforward reading of Supreme Court precedent, while the Commissioner's position would require the Supreme Court to distinguish its holding in *Sims v. Apfel*, 530 U.S. 103 (2000), which "guided" the holding in *Cirko*. 948 F.3d at 155.

Second, the Commissioner makes no argument that he will suffer irreparable injury if a stay is denied, nor do I foresee such harm. Third, a stay will harm the plaintiff, who will suffer real injury if deprived of disability benefits during a stay. Doc. No. 20, at 3. Finally, a stay is not in the public interest, as other parties and the public at large will not be affected if a stay is denied in this case. I conclude that a stay is unwarranted.

## **CONCLUSION**

For the reasons discussed above, Ms. Heath's Request for Review is granted. Because the ALJ in this case was improperly appointed, the Commissioner's final decision is reversed, and this matter is remanded for further proceedings before a different, constitutionally appointed ALJ.

**BY THE COURT:**

 **/s Richard A. Lloret**
**RICHARD A. LLORET**
**U.S. Magistrate Judge**